IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 19-302 |
| | : | |
| v. | : | |
| | : | |
| RICHARD BLONG | : | CIVIL ACTION NO. 24-6258 |

## ORDER-MEMORANDUM

**AND NOW**, this 22nd day of October, 2025, upon consideration of Defendant's pro se Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Docket No. 86) and all documents filed in connection therewith, **IT IS HEREBY ORDERED** that the Motion is **DENIED** and we deny a certificate of appealability.

## I.    BACKGROUND

On May 2, 2023, Defendant pled guilty, pursuant to a Federal Rule of Criminal Procedure 11(c)(1)(C) Guilty Plea Agreement (Docket No. 60), to Counts 1-7 of Indictment No. 19-302, which charged him with three counts of use of an interstate commerce facility to entice a minor, and attempt to entice a minor, to engage in sexual conduct, in violation of 18 U.S.C. § 2422(b) (Counts 1, 4, and 6); three counts of manufacture and attempted manufacture of child pornography, in violation of 18 U.S.C. § 2251(a) (Counts 2, 3, and 5); and one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) (Count 7).  Defendant used Facebook to contact his three victims, who were 14, 15, and 16 years old.  On September 27, 2023, we sentenced Defendant in accordance with his Guilty Plea Agreement to a total of 204 months of imprisonment. (See Guilty Plea Agreement ¶ 3.)  Specifically, we sentenced him to 204 months' imprisonment as to each of Counts One through Six and 120 months' imprisonment as to Count Seven, all sentences to be served concurrently.  We also sentenced Defendant to twenty years of supervised

release as to each of Counts One through Seven, to be served concurrently, and a $700 special

assessment.

## II.    DISCUSSION

### A.    Procedural Background

On November 20, 2024, Defendant filed the instant Motion to Vacate, Set Aside, or Correct

Sentence pursuant to 28 U.S.C. § 2255.  Defendant asserts in the Motion that we should vacate his

conviction and sentence because he was acquired newly discovered evidence that we lack

territorial jurisdiction over his crimes.  The Government initially responded to the Motion on the

merits and asked us to deny the Motion because Defendant's argument is meritless.  On May 15,

2025, we issued an order allowing the parties to file memoranda, no later than May 27, 2025,

addressing whether we should dismiss Defendant's § 2255 Motion because Defendant waived his

right to file such a motion.  The Government filed a Supplemental Response in Opposition to

Defendant's § 2255 Motion, asking us to deny the Motion because Defendant's Guilty Plea

Agreement contains a waiver of his right to file an appeal or collateral attack of his conviction or

sentence.  Defendant did not file a memorandum in accordance with our Order.  Instead, he filed

an appeal of our May 15, 2025 Order with the United States Court of Appeals for the Third Circuit.

(See Docket No. 99).  The Third Circuit dismissed his appeal for lack of jurisdiction on October

10, 2025.  See United States v. Blong, No. 25-2081, Order (3d Cir. Oct. 10, 2025).

### B.    Waiver

Defendant's Guilty Plea Agreement contains the following waiver:

> If the Court accepts the plea agreement and imposes the sentence stated in
> paragraph 3 of this agreement, the government agrees that it will not file any appeal
> of the sentence in this case, and the defendant agrees that he will not file any appeal,
> any collateral attack, or any other writ or motion that challenges the defendant's
> conviction, sentence, or any other matter relating to this prosecution, whether such
> an appeal, collateral attack, or other writ or motion arises under 18 U.S.C. § 3742,

28 U.S.C. § 1291, 28 U.S.C. § 2255, or any other provision of law. As part of this knowing and voluntary waiver of the right to challenge the conviction and sentence, the defendant expressly waives the right to raise on appeal or on collateral review any argument that (1) the statutes to which the defendant is pleading guilty are unconstitutional and (2) the admitted conduct does not fall within the scope of the statutes. However, the defendant retains the right to file a claim, if otherwise allowed by law, that an attorney who represented the defendant during the course of this criminal case provided constitutionally ineffective assistance.

(Guilty Plea Agreement ¶ 15.)

The Third Circuit has instructed that we consider three elements in determining whether a waiver of the right to appeal or bring a § 2255 collateral attack on a conviction or sentence is enforceable: "(1) whether it was entered knowingly and voluntarily; (2) whether the scope of the waiver encompasses the claims advanced on appeal; and (3) 'whether enforcing the waiver would work a miscarriage of justice.'" United States v. Pinkney, No. 23-1465, 2025 WL 342194, at *2 (3d Cir. Jan. 30, 2025) (quoting United States v. Goodson, 544 F.3d 529, 536 (3d Cir. 2008)).

On May 2, 2023, before accepting Defendant's guilty plea and waiver of his right to appeal and bring a § 2255 Motion, we held a change of plea hearing under Federal Rule of Civil Procedure 11(b). During that hearing, we placed the Defendant under oath, confirmed that he understood the proceedings, explained his rights and the consequences of pleading guilty, and confirmed that he had read and understood his Guilty Plea Agreement, including the waiver. We conclude, accordingly, that his plea of guilty to the charges brought against him in Indictment No. 19-302, and his waiver of his right to appeal or bring a § 2255 Motion were knowing and voluntary. See United States v. Jackson, 801 F. App'x 51, 54-55 (3d Cir. 2020).

As we mentioned above, Defendant argues in his § 2255 Motion that his conviction in this case should be vacated because he has newly discovered evidence that demonstrates that this Court lacked territorial jurisdiction over his crimes and that the Government knew that it did not have

territorial jurisdiction.    We conclude that the limited exception to Defendant's waiver for ineffective assistance of counsel claims does not apply to these claims.

We consider the following elements when we determine whether enforcing a waiver would work a miscarriage of justice:  "the 'clarity of the error, its gravity, its character (e.g., whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result.'"  Id. at 55 (quoting United States v. Khattak, 273 F.3d 557, 563 (3d Cir. 2001)).  Defendant does not argue that this Court committed an error in connection with this conviction or sentence.  Moreover, the record shows that Defendant "understood the consequences of his plea, sentence, and . . . waiver, and he was ultimately sentenced" to the sentence to which he had agreed in Guilty Plea Agreement.  Id.  We thus conclude that enforcement of the waiver under these circumstances would not result in a miscarriage of justice and we hold that Defendant's waiver of his right to file a collateral attack on his conviction and sentence is enforceable.

C.       Merits

We have also considered the merits of Defendant's Motion.  He contends that this Court lacked territorial jurisdiction over his offenses because no federal agency has accepted jurisdiction over the location from which he committed these offenses, i.e., Horsham, Montgomery County, Pennsylvania and, more specifically, because no federal agency filed a "Notice of Acceptance" of that territory with the Governor of the Commonwealth of Pennsylvania.  (See Def.'s Mem. at 7-15.)  "'Federal courts have exclusive jurisdiction over all offenses against the laws of the United States under 18 U.S.C. § 3231 and the permission of the states is not a prerequisite to exercise that jurisdiction.'"  United States v. Hornback, Civ. A. No. 13-7296, 2014 WL 2768872, at *9 (E.D.

4

Ky. June 18, 2014) (quoting United States v. Russell, 30 F. App'x 348, 351-52 (6th Cir. 2002)

(rejecting argument "that federal courts only have jurisdiction over criminal matters if they occur

on *federal* land" and that "the United States must provide a 'Notice of Acceptance' showing that

[the state in which the crime occurred] has given jurisdiction over the matter to the federal

government and that the federal government accepted such jurisdiction")); see also Russell, 30 F.

App'x at 351 (rejecting as "patently meritless" argument "that the district court lacked subject

matter jurisdiction over [defendant's] offense because it occurred on private property within the

state of Ohio, not on federal territory" since "[f]ederal courts have exclusive jurisdiction over

offenses against the laws of the United States under 18 U.S.C. § 3231 and the permission of the

states is not a prerequisite to exercise that jurisdiction" and because "Article I, Section 8 of the

United States Constitution grants Congress the power to create, define, and punish crimes

irrespective of where they are committed" (citing United States v. Sitton, 968 F.2d 947, 953 (9th

Cir. 1992); United States v. Allen, 954 F.2d 1160, 1165-66 (6th Cir. 1992); United States v. Mundt,

29 F.3d 233, 237 (6th Cir. 1994))).  We conclude that Defendant's grounds for relief are frivolous.

## III.    CONCLUSION

For the reasons stated above, we hold that Defendant's waiver of his right to bring a § 2255

Motion is enforceable, Defendant has waived the grounds for relief that he raises in the instant §

2255 Motion, and those grounds are frivolous.  Therefore, we deny the instant § 2255 Motion.  A

defendant may not take an appeal from "a final order in a proceeding under section 2255" unless

we issue a certificate of appealability.  28 U.S.C. § 2253(c)(1)(B).  We may issue a certificate of

appealability "only if the applicant has made a substantial showing of the denial of a constitutional

right."  28 U.S.C. § 2253(c)(2).  Here, we deny a certificate of appealability because reasonable

jurists would not find our enforcement of Defendant's waiver of his right to file the instant § 2255

Motion, or our determination that his grounds for relief are frivolous, to be debatable.  See Slack

v. McDaniel, 529 U.S. 473, 484 (2000).


                                        BY THE COURT:

                                        /s/ John R. Padova

                                        _____
                                        John R. Padova, J.